## Long v. Rowe et ux.

*D. Edward Long*, for plaintiff.

*A. J. White Hutton* and *John Smarsh*, for Jacob L. Rowe, defendant.

*George S. Black*, for Bessie P. Rowe, defendant.

WINGERD, P. J., December 17, 1949.—Plaintiff in this case filed a bill in equity for specific performance of a certain contract in writing for the sale of real estate in which plaintiff is the purchaser.

The contract, a copy of which was attached to plaintiff's bill, provides among other things the following:

"WITNESSETH:—That the said party of the first part, in consideration of the covenants and agreements hereinafter contained, on the part of the said party of the second part to be kept and performed, have agreed, and do hereby agree, to sell and convey unto the said party of the second part, his heirs or assigns, all the land and premises hereinafter mentioned and fully

described, for the sum of Eleven thousand, seven hundred, fifty ($11,750.00) dollars, payable as follows: 10% or One thousand, one hundred, seventy five ($1,-175.00) dollars, down upon the signing of this agreement, as the hand money, and the remainder or Ten thousand, five hundred seventy five ($10,575.00) dollars on or before the first day of April, 1949, when deed and possession will be given, and, upon the payment of the said sum, the said party of the first part will, at the office of the Real Estate Department of the Farmers and Merchants Trust Company of Chambersburg, at their own expense, make, execute and deliver to the said party of the second part a good and sufficient deed, for the proper conveying and assuring of the said premises in fee simple, free from all incumbrance and dower, or right of dower; such conveyance to contain the usual covenants of general warranty.

"AND the said party of the second part agree with the said party of the first part, to purchase the said premises and pay therefor the sum of Eleven thousand, seven hundred, fifty ($11,750.00) Dollars, in the manner and at the time hereinafter provided. . . .

"It is further agreed that the hand money and the purchase price in full shall be paid to the Real Estate Department of the Farmers and Merchants Trust Company of Chambersburg, as agent for Jacob L. and Bessie P. Rowe."

Plaintiff, in his bill avers in paragraph 3 the payment of the hand money and avers in paragraphs 4 and 5 as follows:

"4. That the plaintiff from the said December 9, 1948 has always been and now is ready, willing and anxious to comply with all and each of the clauses in said agreement on his part to be kept and performed and has tendered the balance of the purchase price, namely, Ten Thousand Five Hundred Seventy-five ($10,575.00) Dollars to the Real Estate Department

of the Farmers and Merchants Trust Company of Chambersburg, as agent for Jacob L. Rowe and Bessie P. Rowe."

"5. That the said Jacob L. Rowe and Bessie P. Rowe have wholly failed to keep and perform their part of the said agreement."

Defendant filed preliminary objections to the bill which are as follows:

"First. The allegations of paragraph 4 of the bill pertaining to a tender of the balance of the purchase price are so insufficiently averred, in that they do not set forth the date, place or manner of such tender, that it is impossible for defendant, Bessie P. Rowe, to make an adequate answer to plaintiff's claim."

"Second. Defendant, Bessie P. Rowe, should not be required to answer the facts averred since she has a full and complete defence to the plaintiff's claim which does not require the production of evidence to sustain it such defense consisting in the fact that the bill fails to state a cause of action."

The contention of defendant is that the date, time, place, and manner of the tender alleged should be set forth definitely; especially as there is no allegation that defendant was present or had knowledge of such tender.

The general rule as to averments of performance or tender of performance in a bill for specific performance is stated in 49 Am. Jur. p. 185, §161, as follows:

"In most jurisdictions, a general averment of performance by the plaintiff is sufficient, in accord with the general rule that in pleading performance of conditions precedent it is not necessary to state facts showing performance, but sufficient to state that the party has duly performed all the conditions on his part. Any proper allegation that the plaintiff has duly and faithfully complied with and performed the provisions of the contract on his part to be kept and performed is a

sufficient allegation of performance, unless the other averments of the complaint show that the plaintiff is actually in default. Generally, in a bill for specific performance it is sufficient for the plaintiff to allege compliance with the contract by following the language of the contract. The allegation that the plaintiff is ready, willing, and able to do any and all things which in equity and good conscience may be required of him in the premises is a clear and complete offer of performance and a submission to the orders and jurisdiction of the court, which is all that is required." See Chess' Appeal 4 Pa., 52, 55.

Although a pleading at law is usually required to be more specific than in equity, it is significant to note that the recent Pa. R. C. P. 1019 provides:

"(c) In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity."

In other words, if defendant contends that plaintiff has failed to perform on his part any provision of the agreement involved contrary to his general averment that he has complied fully, defendant must make such denial particularly and definitely in his responsive pleading. If this is not a hardship on defendant in an action at law, it certainly seems that it should not be one in a proceeding in equity.

It seems to this court that the allegations in plaintiff's bill are sufficient to comply with the general rule. The mere fact that an agent was appointed to receive the purchase price from the purchaser, complainant, does not seem to constitute any exception to the general rule above stated. If defendant agreed to have the agent act for her in receiving the purchase money for the real estate, we can see no reason why she should be notified by the purchaser of the time he offers to

comply with the contract or tenders the purchase price nor why there is any special duty on the part of the purchaser to notify her of the time or times when such act or acts were done. Defendant can certainly inform herself of these matters from her agent who is acting for her. It is also significant, although not controlling, that defendant's codefendant, her husband, filed a separate answer to the bill admitting all the facts set forth in paragraphs 4 and 5 of plaintiff's bill.

Defendant also contends that the bill on its face shows such laches that plaintiff is barred from the remedy prayed for. We do not feel that a delay of four or five months is such a delay that constitutes laches, especially as plaintiff avers that defendants have wholly failed to keep and perform their part of the agreement. In the case of specific performance "the party who desires to maintain an objection founded upon the other's laches must show himself to have been ready, desirous, prompt and eager for performance": Pomeroy's Equity Jurisprudence, vol. 3, sec. 1408; vol. 5, sec. 2234 (sec. 812) ; Pennsylvania Mining Company v. Martin, 210 Pa. 53, 56 and the bill in this case alleges that defendants have wholly failed to perform on their part the provisions of the agreement.

Defendant also contends that, as the contract in the fourth paragraph uses the words in connection with payment of the purchase price "in the manner and at the time hereafter provided" and then does not thereafter in the agreement provide a specific time, there is no mutuality of remedies because defendant must deliver a deed at a specific time and no time for payment by plaintiff is provided. On the basis of this contention defendant asserts that no specific performance can be granted on the allegations in the bill because where there is no mutuality of remedy, time is the essence of the contract, and unless a tender was made by plaintiff

on or before April 1, 1949, he cannot maintain his bill. These contentions of defendant can all be considered and disposed of after a hearing on the merits. They can only be considered at this time in reference to defendant's contention that plaintiff's bill must allege a tender on or before April 1, 1949, or the bill is not sufficient and her preliminary objections to it should be sustained. We have already held that the allegations in plaintiff's bill are sufficient, and any questions such as embodied in these contentions of defendant can be raised in defendant's answer.

The preliminary objections of defendant must be overruled.

Now, December 17, 1949, the preliminary objections of defendant to plaintiff's bill are overruled and defendant is required to answer over within 20 days from this date under penalty taken pro confesso.